SNB
9/18/18
FILED ENTERED
LOGGED RECEIVED

OCT 03 2018

AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF SIX CELL PHONES IN THE FEDERAL BUREAU OF INVESTIGATION'S POSSESSION AT ITS BALTIMORE FIELD OFFICE | Case No. 18-2576 BPG |

## AFFIDAVIT IN SUPPORT OF A SEARCH AND SEIZURE WARRANT

Your Affiant, Erik Bass, being duly sworn, hereby deposes and states as follows:

### Introduction

1. Your Affiant makes this Affidavit in support of an application under Federal Rule of Criminal Procedure 41 for a search warrant authorizing the examination of six cellular telephones as fully described in Attachment A (collectively referred to as the "SUBJECT CELL PHONES")—which are in the Federal Bureau of Investigation's possession at its Baltimore Field Office, and the extraction of electronically stored information identified in Attachment B from the SUBJECT CELL PHONES.

2. Your Affiant submits that probable cause exists to believe that Davien Major EWING a/k/a Fat Boy ("EWING"), Jamal DUNN a/k/a Greeny a/k/a Greenie ("DUNN"), and Michael LAMBIRTH a/k/a Big Mike ("LAMBIRTH") have used the SUBJECT CELL PHONES in furtherance of drug trafficking activities in violation of 21 U.S.C. § 846, and the SUBJECT CELL PHONES contain fruits and evidence of conspiracy to distribute and possess with the intent to distribute controlled substances in violation of 21 U.S.C. § 846.

### Affiant's Background

3. Your Affiant is a law enforcement officer within the meaning of 18 U.S.C. § 2510(7), that is, an officer of the United States who is empowered by the law to conduct



investigations of, and to make arrests for, the offenses enumerated in 18 U.S.C. § 2516.

4. Your Affiant has been a Special Agent with Federal Bureau of Investigation ("FBI") since July 2011, and is currently assigned to the Baltimore Division's Safe Streets Task Force responsible for investigating violent gangs. Prior to your Affiant's assignment in the Baltimore Division, he was assigned to the San Juan Division, Caribbean Corridor Strike Force ("CCSF") responsible for investigating transnational organized crime in the District of Puerto Rico. Prior to being assigned to the CCSF, your Affiant was assigned to the Santa Clara County Violent Gang Task Force ("SCCVGTF"), San Francisco Division, San Jose Resident Agency. While at the SCCVGTF, your Affiant investigated violent and reactive crimes involving Hispanic gangs, Mexican Drug Trafficking Organizations, and Asian organized crime in the Northern District of California.

5. As an FBI Special Agent, your Affiant has participated in numerous investigations of drug trafficking during which he conducted or participated in surveillance of drug dealers and others involved in drug trafficking; applied for search warrants, arrest warrants, and Title III wire intercepts; executed search warrants; seized evidence related to drug trafficking, including substantial quantities of narcotics and drug paraphernalia; and debriefed informants and cooperating witnesses. In addition, your Affiant has interviewed drug dealers, users, and confidential informants, and among the topics covered during those interviews are the lifestyle, appearance, and habits of drug dealers and users. Moreover, your Affiant has reviewed taped conversations, documents, and other records relating to drug trafficking and money laundering.

6. Based on your Affiant's training, knowledge, and experience, your Affiant has become familiar with the following:(1) the manner in which drug traffickers (a) transport, store, and distribute drugs, and (b) collect, keep, and conceal the proceeds of their illegal activities; and

(2) the ways in which drug traffickers use cellular telephones, cellular telephone technology, coded communications or slang during telephone conversations, false or fictitious identities, and other means to facilitate their illegal activities and thwart law enforcement investigations.

7. Prior to being an FBI Special Agent, your Affiant worked as an officer for approximately two (2) years with the North Port (Florida) Police Department and five (5) years with the Sarasota (Florida) Police Department. In those positions, he conducted uniform neighborhood patrol, responded to calls for service, and made misdemeanor and felony arrests. However, while at the Sarasota Police Department, your Affiant also conducted surveillance, undercover, and/or decoy operations during fugitive, narcotics, and gang investigations.

8. Your Affiant also received formal training in narcotics and dangerous drug investigations, current drug trends, airport narcotics investigations, clandestine laboratory investigations, and gang investigations. Your Affiant earned a Bachelor of Science in Criminal Justice from Appalachian State University.

9. As a result of your Affiant's training and experience, your Affiant has become familiar with (1) the manner in which drug traffickers transport, store, and distribute drugs; (2) their possession and use of firearms in connection with drug trafficking; (3) the manner in which drug traffickers store and conceal drug proceeds.

10. Specifically, based on your Affiant's knowledge, training, and experience, your Affiant learned that persons involved in illegal drug distribution commonly do the following:

    a. Conceal records of their illicit activities in places where they can readily access them, such as their residences, vehicles, or safety deposit boxes or on their person. Those records take various forms that include, but are not limited to, notes in code, deposit slips, wired money transactions, savings pass books, hidden bank accounts, various forms of commercial paper, documents containing identifying data on co-conspirators, notebooks, ledgers, commercial and private travel receipts (*i.e.* rental receipts, airline, bus, or train tickets), money orders, and other papers relating to the purchase, transportation, sale, storage, and distribution of controlled dangerous substances. Due to the advancement in technology, drug traffickers may use computers

and other electronic storage media, including smart phones, to store the records listed above.

        b.      Maintain addresses, telephone numbers and books, or papers that reflect names, addresses, and/or telephone numbers for their associates in their illegal organization. Drug traffickers often use cellular telephones, pagers, and other electronic communication devices to facilitate drug transactions.

        c.      Take, or cause to be taken, photos of themselves, their associates, their property, and illegal contraband. Drug traffickers usually maintain these photos in their residence, vehicles, or electronic devices or on their person.

## Probable Cause

11. The facts set forth in this section of the Affidavit are based upon your Affiant's (1) personal knowledge, (2) review of documents and other evidence, and (3) conversations with law enforcement officers and other individuals who have personal knowledge of the events and circumstances described as well as (4) information that your Affiant gained through training and experience. Because your Affiant submitted this Affidavit for the limited purpose of establishing probable cause for the requested warrant, he has not included every detail of this investigation. Rather, your Affiant has included only those facts that are sufficient to support a probable cause finding for the issuance of the requested warrants.

12. On July 31, 2018, a federal grand jury in the District of Maryland indicted Davien Major EWING a/k/a Fat Boy ("EWING"), Jamal DUNN a/k/a Greeny a/k/a Greenie ("DUNN"), and Michael LAMBIRTH a/k/a Big Mike for conspiracy to distribute and possess with the intent to distribute heroin, fentanyl, cocaine base, and marihuana in violation of 21 U.S.C. § 846. Additionally, the grand jury also indicted DUNN on one possession with the intent to distribute heroin and fentanyl count.

13. On July 31, 2018, Magistrate Judge J. Mark Coulson issued arrest warrants for EWING, DUNN and LAMBIRTH.

14. On August 10, 2018, Magistrate Judge Beth P. Gesner issued two warrants—one,



requiring Sprint to produce real-time location information about EWING's cell phone; and two, authorizing law enforcement to use a cell-site simulator on the same. Law enforcement requested those warrants to assist in locating EWING for the purpose of arresting him.

15. On August 15, 2018, Magistrate Judge A. David Copperthite issued two warrants—one, requiring Verizon to produce real-time location information about LAMBIRTH's cell phone; and two, authorizing law enforcement to use a cell-site simulator on the same. Law enforcement requested those warrants to assist in locating LAMBIRTH for the purpose of arresting him.

16. On September 10, 2018, Sprint provided law enforcement with real-time location information placing EWING's cellular telephone assigned call number 443-414-3468 in the area near 1000 Richnor Avenue in Baltimore, Maryland. Through additional investigative measures, law enforcement discovered that 1008 Richnor Avenue, Baltimore, Maryland 21212 (hereinafter referred to as the "SUBJECT LOCATION 1") is the residence of EWING'S child's mother.

17. On the same day, EWING's girlfriend signed a consent to search form. Inside of SUBJECT LOCATION 1, law enforcement found and seized a white, grey, and black I-Phone with a cracked screen as fully described in Attachment A (hereinafter referred to as "SUBJECT CELL PHONE 1") and a Verizon LG cellular telephone as fully described in Attachment A (hereinafter referred to as the "SUBJECT CELL PHONE 2"). EWING's girlfriend and EWING told investigators that SUBJECT CELL PHONES 1 and 2 belonged to EWING.

18. On September 11, 2018, shortly before law enforcement executed LAMBIRTH's arrest warrant, Verizon provided law enforcement with real-time location information placing LAMBIRTH's cellular telephone assigned call number 443-934-6307 in an area of Landsdowne, Maryland. Through additional investigative measures, law enforcement discovered that 2 Silerton Road, Apartment 2A, Lansdowne, Maryland 21227 (hereinafter referred to as the "SUBJECT



LOCATION 2") is LAMBIRTH's girlfriend's residence.

19. Inside of SUBJECT LOCATION 2, law enforcement found a grey and black I-Phone as fully described in Attachment A (hereinafter referred to as the "SUBJECT CELL PHONE 3") and a black Verizon Samsung flip phone as fully described in Attachment A (hereinafter referred to as "SUBJECT CELL PHONE 4") in 2 Silerton Road, Apartment 2A, Lansdowne, MD (hereinafter referred to as the "SUBJECT LOCATION 2"). LAMBIRTH's girlfriend told investigators that SUBJECT CELL PHONES 3 and 4 belonged to LAMBIRTH.

20. On September 13, 2018, law enforcement found and seized a black and grey I-Phone SE as fully described in Attachment A (hereinafter referred to as the "SUBJECT CELL PHONE 5") and a black I-phone with no exterior markings or identification numbers as fully described in Attachment A (hereinafter referred to as the "SUBJECT CELL PHONE 6") based on search of DUNN's person incident to arrest.

### Manner of Execution for the Request Warrant

21. Because the requested warrant seeks only permission to examine the SUBJECT CELL PHONES already in the FBI's possession, the execution of the requested warrant does not involve the physical intrusion onto a premise. Consequently, your Affiant submits that there is reasonable cause for the Court to authorize execution of the requested warrant at any time in the day or night.

### Conclusion

22. Based on the information set forth in this Affidavit, your Affiant submits that probable cause exists to believe that (a) EWING has used SUBJECT CELL PHONES 1 and 2 in furtherance of drug trafficking activities in violation of 21 U.S.C. § 846; (b) LAMBIRTH has used SUBJECT CELL PHONES 3 and 4 in furtherance of drug trafficking activities in violation of 21 U.S.C. § 846; DUNN has used SUBJECT CELL PHONES 5 and 6 in furtherance of drug

18 - 2 5 7 6 BPG



trafficking activities in violation of 21 U.S.C. § 846; and (d) the SUBJECT CELL PHONES contain fruits, evidence, and instrumentalities of conspiracy to distribute and possess with the intent to distribute controlled substances in violation of 21 U.S.C. § 846.

_____
Erik Bass
Special Agent
Federal Bureau of Investigation

Sworn and subscribed before me this /8 7th day of September, 2018

_____
Honorable Stephanie A. Gallagher
United States Magistrate Judge

Beth P. Gesner
United States Magistrate Judge

7

## Attachment A: SUBJECT CELL PHONES

The property to be searched is described as follows:

| ITEM | DESCRIPTION | SEIZURE LOCATION |
|---|---|---|
| SUBJECT CELL PHONE 1 | Black and grey I-Phone with cracked screen, Model No. A1586. FCC Id No. BCG-E2816A | 1008 Richnor Ave, Baltimore, Maryland 21212 (hereinafter referred to as the "SUBJECT LOCATION 1") on the living room floor next to couch |
| SUBJECT CELL PHONE 2 | Black Verizon LG cellular telephone, Model No. LG-VS415PP, S/N: 511CQRN1347790 | SUBJECT LOCATION1 on the kitchen counter |
| SUBJECT CELL PHONE 3 | White, grey, and black I-Phone, Model No. A1549, FCC ID: BCG-E2816A, IMEI: 354406064675193 | 2 Silerton Road, Apartment 2A, Lansdowne, MD (hereinafter referred to as the "SUBJECT LOCATION 2") on the living room table |
| SUBJECT CELL PHONE 4 | Black Verizon Samsung flip phone, Model No. SM-B311V, FCC ID: A3LSMB311V | SUBJECT LOCATION 2 on the window sill behind the couch |
| SUBJECT CELL PHONE 5 | Grey and black I-Phone SE, Model No. A1662, FCC ID: BCG-E2945A, IMEI: 356602081561196 | Jamal DUNN's person |
| SUBJECT CELL PHONE 6 | Black I-phone with no exterior markings or identification numbers | Jamal DUNN's person |

SUBJECT CELL PHONES 1 to 6 (hereinafter referred to as ("SUBJECT CELL PHONES")) are in the Federal Bureau of Investigation's possession at its Baltimore District Office located at 2600 Lord Baltimore Drive, Baltimore, Maryland 21244.

## Attachment B: Items To be Seized From the SUBJECT CELL PHONES

This warrant authorizes the search and seizure of records contained within the cellular telephones described in Attachment A that relate to violations of 21 U.S.C. § 846 by Davien EWING a/k/a Fat Boy, Jamal DUNN a/k/a Greeny a/k/a Greenie, and Michael LAMBIRTH a/k/a Big Mike and their known and unknown co-conspirators, including, but not limited to the following:

a. images;
b. videos;
c. records of incoming and outgoing voice communications;
d. records of incoming and outgoing text messages;
e. the content of incoming and outgoing text messages;
e. voicemails;
f. e-mails;
g. voice recordings;
h. contact lists;
i. data from third-party applications (including social media applications like Facebook and Instagram and messaging programs like WhatsApp and Snapchat);
j. location data;
k. browser history;
l. bank records, checks, credit card bills, account information, and other financial records; and
m. evidence of user attribution showing who used, owned, or controlled the SUBJECT CELL PHONES, such as logs, Internet protocol ("IP"') addresses, registry entries, configuration files, phonebooks, saved usernames and passwords, documents, user profiles, chats, and instant messaging logs.

As used above, the term "records" includes all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored.